# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                            Case No. 04-80098-DHW
                                                 Chapter 7
3-D CASH & CARRY, INC.,

     Debtor.

## MEMORANDUM OPINION

     On November 10, 2005, Jeffrey Lamar Davis filed a motion (Doc. # 318) to amend this court's July 7, 2005 order (Doc. # 273) approving the sale of real estate by the debtor pursuant to 11 U.S.C. § 363. Davis seeks to amend the order to provide for payment of tax claims of the State of Alabama from the sale proceeds.[1] The motion is opposed by Wachovia Bank (Doc. # 320), Bank of Wedowee (Doc. # 322), and the debtor (Doc. # 323).[2]

     A final hearing on the motion was held on January 9, 2006. Present at the hearing were Jeffrey Lamar Davis through his counsel, Dan W. Taliaferro; Wachovia Bank through its counsel, Jay R. Bender; the Internal Revenue Service through its counsel, Patricia A. Conover; Bank of Wedowee through its counsel, Christie L. Dowling; and the debtor through its counsel, Charles M. Ingrum, Sr.

---

     [1] The motion also requested payment of IRS claims from the sale proceeds. At the hearing counsel for the IRS acknowledged that it did not have a recorded lien against the realty sold by the debtor. Therefore, Davis cannot look to the sale proceeds as a source to pay the IRS. To the extent that Davis has not abandoned this position, the motion will be denied to the extent that it seeks payment of federal taxes from these sale proceeds.

     [2] In the main the objections asserted by Wachovia Bank and the Bank of Wedowee are that distributions made on their claims should not be surcharged to pay a junior lien creditor.

## Jurisdiction

The court derives jurisdiction in this matter from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring all title 11 matters to this court. Further, because the issue here concerns a claim against the bankruptcy estate, it is a core proceeding under 28 U.S.C. § 157(b)(2)(B), thereby extending the court's jurisdiction to the entry of a final order or judgment.

## Factual and Procedural Background

Before converting to chapter 7 on September 22, 2005, 3-D Cash & Carry, Inc. (hereinafter 3-D or debtor) was a chapter 11 debtor-in-possession. On June 6, 2005, while in chapter 11, the debtor filed a motion to sell two parcels of Roanoke, Alabama realty. The debtor proposed to sell the property free and clear of all liens and encumbrances "with all liens and encumbrances to be transferred and attached to the proceeds of the sale." The motion stated that the proposed sales price of the property "exceeds the amount of all liens and encumbrances against the property."[3]

On June 8, 2005, the court entered an order setting a June 20, 2005, hearing date on the debtor's motion to sell. The order setting hearing required the debtor to serve a copy of the order and motion upon parties in interest as required by Fed. R. Bankr. Proc. 2002. Although there is no evidence that the order setting hearing was served as required, the motion was apparently served on all creditors, and no objections were filed to the proposed sale.

On July 7, 2005, an order entered granting the debtor's motion and

---

[3] The debtor's attorney filed a certificate of service reflecting that all creditors were served with the motion to sell. The motion specified that objections to the sale must be filed by June 25, 2005.

2

approving the sale.[4]  The order provides, inter alia, that "[p]ursuant to Section 363(f) of the Bankruptcy Code, existing liens, claims, interests and encumbrances and other interests on the Property shall attach to the Proceeds of the sale in accordance with the Bankruptcy Code and other applicable laws."

It is undisputed that Wachovia Bank and the Bank of Wedowee held consensual liens on the realty sold by the debtor.  Randolph County, Alabama also had a lien on the realty arising from unpaid ad valorem taxes.  Both the banks and the County were paid from the sale proceeds.[5]

The debtor owes the State of Alabama Department of Revenue $7,833.72 for unpaid employment taxes.  Before the debtor filed for bankruptcy relief, the State of Alabama recorded liens to secure the payment of these taxes.  Hence, the State of Alabama had liens on the realty sold by the debtor, but those liens were not satisfied from the sale proceeds.[6]

The movant, Jeffrey Lamar Davis, is the principal shareholder of the debtor.  He, too, is a responsible party for the collection and remittance of the debtor's employment trust fund tax obligations to the State of Alabama.  The State of Alabama is pursuing Davis, personally, for the payment of these unpaid employment taxes.

## Conclusions of Law

---

[4] The initial order approving the sale entered June 28, 2005.  At the joint request of the parties, the June 28, 2005 order was amended on July 7, 2005.

[5] Neither bank was paid in full from the sales proceeds, but each consented to the sale.

[6] Apparently, a title search was done on the realty prior to the sale, and a title insurance policy issued.  Nevertheless, the search overlooked the State of Alabama employment tax liens.

3

Case 04-80098   Doc 329   Filed 01/13/06   Entered 01/13/06 15:28:05   Desc Main
Document      Page 3 of 5

11 U.S.C. § 363(f) permits the sale of estate property free and clear of liens only in limited circumstances. Generally, unless a lien creditor consents to the sale, estate property may be sold free and clear of liens only if the sale price exceeds the total of the lien creditors' claims.

In keeping with the requirements of § 363(f), the debtor's motion to sell free and clear of liens indicated not only that the sale proceeds were sufficient to pay the claims of all lien creditors in full but that these liens would attach to the sale proceeds. The order granting the motion to sell echoed those same provisions.[7] Therefore, the State of Alabama's record liens for employment taxes attached to the sale proceeds.

The liens on the property attached to the sale proceeds in the order of their priority under applicable nonbankruptcy law. The lien of Randolph County, Alabama enjoyed first priority in that its lien was the result of unpaid ad valorem taxes. Ala. Code § 40-1-3 (1975); BPH, Inc. v. Cochrane, 628 So. 2d 911 (Ala. Civ. App.1993). Next by way of priority would be the consensual liens of Wachovia Bank and the Bank of Wedowee because both predate the lien of the State of Alabama. The senior lien creditors cannot be surcharged to pay the claim of a junior lien creditor.

The only portion of the sale proceeds that has not previously been disbursed to creditors with senior liens are those that were paid to the debtor's attorney.[8] The $7,833.72 lien of the State of Alabama enjoys priority in those proceeds over the unsecured claim of debtor's counsel.

---

[7] At the hearing Wachovia Bank's counsel argued that the failure of the State of Alabama to object to the debtor's motion constituted tacit consent to the motion. However, because the debtor's motion made clear that all liens would be satisfied from the sales proceeds, the State of Alabama could have concluded that its lien claim would be paid in full mooting any basis for objection. For this reason the court rejects the bank's tacit acceptance argument.

[8] Approximately $42,000 were paid in trust to counsel for the debtor as a carve-out for professional fees awarded under 11 U.S.C. § 330.

4

## Conclusion

Although Davis's motion seeks to amend the court's order approving the sale, for the foregoing reasons the court concludes that the order need not be amended but instead, enforced.

A separate order consistent with this memorandum opinion will enter denying the motion to amend but requiring that debtor's counsel satisfy the State of Alabama's liens from the sale proceeds in his possession.

Done this the 13th day of January, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge


c: Charles M. Ingrum, Sr., Attorney for Debtor
Dan W. Taliaferro, Attorney for Jeffrey Lamar Davis
Jay R. Bender, Attorney for Wachovia Bank
Patricia A. Conover, Attorney for IRS
Christie L. Dowling, Attorney for Bank of Wedowee
Mark Griffin, Attorney for State of Alabama